UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL OSEGUEDA,<br><br>    Defendant. | No. CR-09-2074-LRS-2<br><br>ORDER GRANTING MOTION AND SETTING CONDITIONS OF RELEASE<br><br>☒ Motion Granted<br>   (Ct. Rec. __63__ )<br><br>☐ Action Required |

Date of Motion hearing: August 27, 2009

**IT IS ORDERED** that the release of the Defendant is subject to the following:

### STANDARD CONDITIONS OF RELEASE

(1) Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.

(2) Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(4) Defendant shall sign and complete A.O. 199C before being released and shall reside at the addressed furnished.

(5) Defendant shall not possess a firearm, destructive device or other dangerous weapon.

(6) Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

ORDER SETTING CONDITIONS OF RELEASE   - 1

(7) Defendant shall contact defense counsel at least once a week.

(8) Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**BOND**

(9) Defendant shall:

☐ Execute an unsecured appearance bond in the amount of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

☐ Execute an unsecured appearance bond, to be co-signed by _____, in the amount of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

☐ Execute:  ☐ $_____ corporate surety bond

☐ $_____ property bond

☐ $_____ cash bond

☐ $_____ percentage bond, with $_____ paid in cash

**ADDITIONAL CONDITIONS OF RELEASE**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community,

ORDER SETTING CONDITIONS OF RELEASE - 2

    **IT IS FURTHER ORDERED** that the release of the Defendant is subject to the following additional conditions:

☐ (10) The Defendant is placed with:

_____
Name of person or organization

_____
Address

_____
City and State                    Tele. Number

_____
Signature                         Date

who agrees to sign a copy of this Order, **to be kept in Pretrial Services' file**; supervise the Defendant consistent with all the conditions of release; use every effort to assure the appearance of the Defendant at all scheduled court proceedings; and notify the court immediately in the event the Defendant violates any conditions of release or disappears.

☑ (11) Maintain or actively seek lawful employment.

☑ (12) Maintain or commence an education program.

☐ (13) Surrender any passport to Pretrial Services and does not apply for a new passport.

☑ (14) Defendant shall remain in the:

    ☑ Eastern District of Washington or ☐ State of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

    ☐ Exceptions:

_____

_____

☑ (15) Avoid all contact, direct or indirect, with any persons who

ORDER SETTING CONDITIONS OF RELEASE  - 3

are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

_____

_____

☑ (16) Avoid all contact, direct or indirect, with:
  ☑ Known felons
  ☑ Co-Defendant(s)
  ☑ Current or former gang members

☐ (17) Undergo medical or psychiatric treatment and/or remain in an institution as follows:

_____

☑ (18) Refrain from:  ☐ any  ☑ excessive use of alcohol

☐ (19) There shall be no alcohol in the home where Defendant resides.

☑ (20) There shall be no firearms in the home where Defendant resides.

☑ (21) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

☐ (22) Except for employment purposes, Defendant shall not have access to the internet, including cell phones with internet access.

☐ (23) Defendant may not be in the presence of minors, unless a responsible, knowledgeable adult is present at all times.

☑ (24) SPECIAL CONDITIONS
  ☑ POLYGRAPH EXAMINATION
     (1) Defendant has orally stipulated that he will submit to polygraph examinations for the express purpose of ensuring compliance with the terms and conditions of release.

ORDER SETTING CONDITIONS OF RELEASE  - 4

(2) The Defendant has orally waived any and all objections to the use of a polygraph examination as evidence of noncompliance with terms and conditions of release.

(3) The U.S. Probation office has been granted the authority to require the Defendant to submit to polygraph examinations periodically while this matter is pending.

(4) The questions asked during a polygraph examination may only inquire as to the Defendant's compliance with the terms and conditions of release. The U.S. Probation office is forbidden from asking any questions regarding the criminal matter currently pending.

(5) The Defendant has agreed to bear the cost of any and all polygraph examinations unless otherwise stipulated by the U.S. Probation office.

☑ CHURCH ATTENDANCE AND SUPERVISION

(1) Reverand Garica and Church leadership must contact the U.S. Probation Office twice (2) times every month in order that U.S. Probation be informed of the Defendant's activities while attending church.

(3) While attending church, the defendant is forbidden from having any contact with any current or former gang members.

(2) While attending church, the Defendant must be accompanied and supervised by a member of the church's men's group at all times.

(3) If at any time the Defendant has any contact with a former or a current gang member, the church member supervising the Defendant must immediately contact U.S. Probation.

ORDER SETTING CONDITIONS OF RELEASE   - 5

**SUBSTANCE ABUSE EVALUATION AND TREATMENT**

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. If Defendant fails in any way to comply or cooperate with the requirements and rules of a treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant.

Defendant shall participate in one or more of the following treatment programs:

☐ **(24) Substance Abuse Evaluation:** Defendant shall undergo a substance abuse evaluation:

☐ if directed by a U.S. Probation Officer.

☐ as directed by a U.S. Probation Officer.

☐ Prior to release, Defendant must have an appointment for a substance abuse evaluation, and the appointment must be confirmed to the court by Pretrial Services. Defendant will be released:

☐ one day prior to, or ☐ on the morning of his appointment.

☐ **(25) Inpatient Treatment:** Defendant shall participate in an intensive inpatient treatment program.

☐ Prior to release, an available bed and date of entry must be confirmed by Pretrial Services.

☐ Defendant will be released to an agent of the inpatient program on _____.

☐ Prior to release from inpatient treatment, an outpatient treatment program must be presented to the court. If Defendant does not have a structured outpatient treatment

    program in place prior to conclusion of inpatient treatment, Defendant automatically will go back into the custody of the U.S. Marshal.

- ☐ Following inpatient treatment, Defendant shall participate in an aftercare program.

☐ (26) **Outpatient Treatment:** Defendant shall participate in intensive outpatient treatment.

- ☐ Prior to release, an appointment for Defendant's first counseling session must be made and confirmed by Pretrial Services. Defendant will be released:
  - ☐ one day prior to, or  ☐ on the morning of his appointment

☐ (27) **Other:** _____

_____

_____

_____

☐ (28) **Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the

ORDER SETTING CONDITIONS OF RELEASE   -   7

treatment vendor. Treatment shall not interfere with Defendant's court appearances.

### HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

☑ (29) Defendant shall participate in one or more of the following home confinement program(s):

☐ **Electronic Monitoring.** The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

☑ **GPS Monitoring.** The Defendant shall participate in a program of GPS confinement as soon as the monitoring system is available. U.S. Probation will inform the Defendant as to when the monitoring equipment is available. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based up ability to pay as determined by the U.S. Probation Office.

☑ **Home detention**

While Defendant is awaiting installment of GPS monitoring unit,

ORDER SETTING CONDITIONS OF RELEASE  - 8

the Defendant shall be restricted to his/her residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, as well as:

- ☑ employment   ☑ education   ☑ religious services
- ☐ medical, substance abuse, or mental health treatment
- ☐ Maintain residence at a halfway house or community corrections center, as deemed necessary by the Pretrial Services Office or supervising officer.

DATED August 27, 2009.

                           s/James P. Hutton
                           JAMES P. HUTTON
                UNITED STATES MAGISTRATE JUDGE

ORDER SETTING CONDITIONS OF RELEASE - 9